UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RICARDO MALDONADO and<br>DIANE CASTILLO,<br><br>    Plaintiffs,<br><br>vs.<br><br>SERGEANT XAVIER ELIZONDO, Star No. 1340;<br>OFFICER DAVID SALGADO, Star No. 16347;<br>OFFICER CARIBOU, J.D., Star No. 7416;<br>OFFICER MOSTOWSKI, R. S., Star No. 12898;<br>OFFICER TREACY, J.J., Star No. 17619;<br>OFFICER SANCHEZ, J.L., Star No. 5476;<br>OFFICER BARRIOS, J.J., Star No. 7700; and,<br>CITY OF CHICAGO<br><br>    Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No.<br><br>Judge<br><br>Magistrate Judge<br><br><br><br><br><br><br>Trial By Jury Demanded |

**COMPLAINT AT LAW**

NOW COME the Plaintiffs, Mr. Ricardo Maldonado and Ms. Diane Castillo, by and through their attorney, David S. Lipschultz, and in support of their Complaint at Law against the Defendants, Sergeant Xavier Elizondo, Star No. 1340; Officer David Salgado, Star No. 16347; Officer J.D. Caribou, Star No. 7416; Officer R.S. Mostowski, Star No. 12898; Officer J.J. Treacy, Star No. 17619; Officer J.L. Sanchez, Star No. 5476; Officer J.J. Barrios, Star No, 7700; and City of Chicago, states as follows:

**JURISDICTION AND VENUE**

    1.    This action is brought pursuant to the United States Constitution; 42 U.S.C. §1983 and §1988 (the Civil Rights Act of 1871); and the laws of the State of Illinois, to redress deprivations of the civil rights of the Plaintiffs, accomplished by acts and/or omissions of the Defendants and committed under color of law.

1

2. This Court has jurisdiction under and by virtue of 28 U.S.C. §1343, §1331 and §1367.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391, as the acts complained of took place in this judicial district.

4. Plaintiff Ricardo Maldonado ("Mr. Maldonado"), is a United States citizen and a resident of the City of Chicago, State of Illinois.

5. Plaintiff Diane Castillo, ("Ms. Castillo") is a United States citizen and a resident of the City of Chicago, State of Illinois.

6. At all relevant times herein referenced, Defendant Sergeant Xavier Elizondo ("Sergeant Elizondo"), was employed by the City of Chicago as a sworn police officer. He is sued in his individual capacity. At the time of the incidents at issue in this Complaint, Sergeant Elizondo was engaged in the conduct complained of while acting within the scope of his employment and under color of law.

7. At all relevant times herein referenced, Defendant Officer David Salgado ("Officer Salgado"), was employed by the City of Chicago as a sworn police officer. He is sued in his individual capacity. At the time of the incidents at issue in this Complaint, Officer Salgado was engaged in the conduct complained of while acting within the scope of his employment and under color of law.

8. At all relevant times herein referenced, Officer J.D. Caribou, Star No. 7416, was employed by the City of Chicago as a sworn police officer. He is sued in his individual capacity. At the time of the incidents at issue in this Complaint, Officer Caribou was engaged in the conduct complained of while acting within the scope of his employment and under color of law.

9. At all relevant times herein referenced, Officer R.S. Mostowski, Star No. 12898, was employed by the City of Chicago as a sworn police officer. He is sued in his individual capacity. At the time of the incidents at issue in this Complaint, Officer Mostowski was engaged in the conduct complained of while acting within the scope of his employment and under color of law.

10. At all relevant times herein referenced, Defendant Officer J.J. Treacy, ("Officer Treacy"), was employed by the City of Chicago as a sworn police officer. He is sued in his individual capacity. At the time of the incidents at issue in this Complaint, Officer Treacy was engaged in the conduct complained of while acting within the scope of his employment and under color of law.

11. At all relevant times herein referenced, Defendant Officer J.L. Sanchez ("Officer Sanchez"), was employed by the City of Chicago as a sworn police officer. She is sued in her individual capacity. At the time of the incidents at issue in this Complaint, Officer Sanchez was engaged in the conduct complained of while acting within the scope of her employment and under color of law.

12. At all relevant times herein referenced, Defendant Officer J.J. Barrios ("Officer Barrios"), was employed by the City of Chicago as a sworn police officer. He is sued in his individual capacity. At the time of the incidents at issue in this Complaint, Officer Sanchez was engaged in the conduct complained of while acting within the scope of his employment and under color of law.

13. At all relevant times herein referenced, Defendant, City of Chicago ("City"), was and remains a governmental entity formed pursuant to the laws of the State of Illinois. Sergeant Elizondo, Officer Salgado, Officer Caribou, Officer Mostowski, Officer Treacy, Officer

Sanchez, and Officer Barrios were employed by City of Chicago as sworn police officers, and at the time of the incident at issue were acting within the scope of their employment for City of Chicago and under color of law.

## INDICTMENT OF
## SERGEANT ELIZONDO & OFFICER SALGADO

14. On May 9, 2018, a federal grand jury indicted Sergeant Elizondo and Officer Salgado for lying to, and submitting false affidavits to, Cook County judges to obtain search warrants, which the officers used, for several years, to steal cash and drugs from properties they unlawfully raided and individuals they falsely arrested.

15. Those are the crimes the Defendants committed against the Plaintiffs.

## FACTUAL ALLEGATIONS

16. On July 3, 2017, at approximately 2:00 p.m., Sergeant Elizondo, Officer Salgado, Officer Caribou, Officer Mostowski, Officer Treacy, Officer Sanchez, and Officer Barrios ("Defendant Officers") unlawfully entered and searched Mr. Maldonado and Ms. Castillo's residence based on an unlawful search warrant secured by Sergeant Elizondo and Officer Salgado. The residence was located in the 5600-5800 blocks of South Archer Avenue, Chicago, Illinois.

17. Sergeant Elizondo yanked Mr. Maldonado's arms with great force and handcuffed him. The sergeant then pulled Mr. Maldonado by the chain of the handcuffs with great force, causing physical injury.

18. This action aggravated Mr. Maldonado's preexisting spinal/discs injuries.

19. Evidence supports the next allegation: that Sergeant Elizondo, Officer Salgado, Officer Caribou, Officer Mostowski, Officer Treacy, Officer Sanchez, and Officer Barrios brought 5,300 grams of marijuana from outside into the residence.

20. Defendant Officers arrested Mr. Maldonado for the possession of the very marijuana the officers planted in the residence.

21. During the illegal search Defendant Officers turned the residence 'upside down' by searching everywhere and throwing objects and clothing around indiscriminately.

22. During the illegal search Defendant Officers broke into Mr. Maldonado's safe of personal documents.

23. Mr. Maldonado complained about the pain to his spine. Defendant Officers did not offer medical care.

24. Mr. Maldonado was transported to the 8th Chicago Police District.

25. Again Mr. Maldonado complained about the pain to his spine. Defendant Officers did not offer medical care.

26. Finally, after an hour or two, Mr. Maldonado was transported by the Chicago Police to Holy Cross Hospital.

27. Plaintiff was transported to Cook County Jail.

28. During his incarceration at Cook County Jail, Plaintiff was physically attacked by an inmate.

29. With no prior arrests and innocent, Mr. Maldonado was forced to hire and pay an attorney to represent him for over seven months. With no prior arrests and innocent, Mr. Maldonado had to attend criminal court for his criminal case many times from July 3, 2017 to February 21, 2018.

30. As a result of the misconduct of the Defendant Officers, Mr. Maldonado and Ms. Castillo suffered loss of liberty, physical injuries, economic loss, emotional anguish, monetary loss and expenses, and other damages.

## COUNT I
## SECTION 1983 FALSE ARREST/UNLAWFUL SEIZURE
## AGAINST DEFENDANT OFFICERS

31. The Plaintiffs re-allege and incorporate herein the allegations of paragraphs 1 through 30.

32. Defendant Officers did not have probable cause to search and seize the Plaintiffs.

33. The actions of the Defendant Officers violated the Plaintiffs' Fourth Amendment Rights and were in violation of said rights protected by 42 U.S.C. §1983.

34. The Plaintiffs suffered damages.

WHEREFORE, the Plaintiffs, Ricardo Maldonado and Diane Castillo, pray for judgment against the Defendants, Sergeant Elizondo, Officer Salgado, Officer Caribou, Officer Mostowski, Officer Treacy, Officer Sanchez, and Officer Barrios for compensatory damages, punitive damages, the costs of this action, attorney's fees pursuant to 42 U.S.C. §1988, and such other and additional relief as this Court deems equitable and just.

## COUNT II
## SECTION 1983 CONSPIRACY
## AGAINST DEFENDANT OFFICERS

35. The Plaintiffs re-allege and incorporate herein the allegations of paragraphs 1 through 30.

36. Defendant Officers conspired and agreed to use their police powers in an unlawful manner to unlawfully search and seize Mr. Maldonado and Ms. Castillo, and to falsely arrest Mr. Maldonado.

37. Defendant Officers committed overt acts in furtherance of this conspiracy, which included fabricating evidence, providing false information in sworn reports, signing false criminal complaints, and providing perjured and false testimony in criminal proceedings against

the interests of Mr. Maldonado and Ms. Castillo.

38. The actions of Defendant Officers were committed intentionally, with malice, willfulness, wantonness and reckless indifference to the rights of the Plaintiffs.

39. The Plaintiffs suffered damages.

WHEREFORE, the Plaintiffs, Ricardo Maldonado and Diane Castillo, pray for judgment against the Defendants, Sergeant Elizondo, Officer Salgado, Officer Caribou, Officer Mostowski, Officer Treacy, Officer Sanchez, and Officer Barrios for compensatory damages, punitive damages, the costs of this action, attorney's fees pursuant to 42 U.S.C. §1988, and such other and additional relief as this Court deems equitable and just.

## COUNT III
## SECTION 1983 DEPRIVATION OF LIBERTY
## AGAINST DEFENDANT OFFICERS

40. The Plaintiffs re-allege and incorporate herein the allegations of paragraphs 1 through 30.

41. As a result of the misconduct of Defendant Officers, the Plaintiffs were deprived of their liberty and suffered damages.

WHEREFORE, the Plaintiffs, Ricardo Maldonado and Diane Castillo, pray for judgment against the Defendants, Sergeant Elizondo, Officer Salgado, Officer Caribou, Officer Mostowski, Officer Treacy, Officer Sanchez, and Officer Barrios for compensatory damages, punitive damages, the costs of this action, attorney's fees pursuant to 42 U.S.C. §1988, and such other and additional relief as this Court deems equitable and just.

## COUNT IV
## *MONELL* CLAIMS AGAINST
## CITY OF CHICAGO

42. The Plaintiffs re-allege and incorporate herein the allegations of paragraphs 1

43. The Plaintiffs suffered violations of their Fourth Amendment right to be free from unreasonable search and seizure pursuant to *Monell*[1] and its progeny.

44. The City maintains unconstitutional police policies.

45. The City's unconstitutional police policies caused Plaintiffs' injuries.

46. Plaintiffs' allegations against the City for *Monell* violations are consistent with the 2016 report in which the U.S. Department of Justice stated that the civil rights of Chicagoans have been routinely violated by officers of the Chicago Police Department for many years.

47. And Plaintiffs' allegations against the City for *Monell* violations are consistent with the mayor of Chicago having conceded that a code of silence exists within the Chicago Police Department that results in the failure to report police misconduct

48. Specific City officials had actual or constructive knowledge of the unconstitutional police policies detailed in this complaint.

49. The City's constitutional violations are evidenced by widespread practice constituting a "custom or usage;" and by a failure to supervise or discipline its officers.

**Widespread practices constituting "custom or usage"**

50. The widespread practices of constitutional violations in this case constitute a "custom or usage" that is not written or formally adopted, but is a pervasive, longstanding practice that has the force of law.

51. The City is liable for the widespread practice within its police department of:

   a. Officers falsifying search warrants applications;

   b. Officers falsifying testimony in support of search warrant applications;

   c. Officers seizing drugs from arrestees;

---

[1] *Monell* v. Department of Soc. Svcs., 436 U.S. 658 (1978)

    d.   Officers selling said drugs for financial gain;

    e.   Officers seizing money from arrestees;

    f.   A "code of silence" whereby police officers are reluctant to report (and turn a blind eye to) another officer's bad conduct to superiors, even in the midst of serious criminal wrongdoing. This code of silence resulting in the inappropriate and insufficient supervision of officers, and in the inability to uncover and discipline wrongdoers; and

    g.   Maintaining a code of silence which creates an atmosphere in which officers like Defendants Elizondo and Salgado are confident they will get away with blatant violations of citizens' rights because their colleagues and superiors were willing to look the other way.

**Failure to supervise or discipline its officers**

52. The City is liable for its failure, within its police department, to supervise or discipline its officers.

53. The City's failure to supervise or discipline its officers violates the constitutional rights of individuals, including the Plaintiffs.

54. The City fails to supervise or discipline its officers when many officers:

    a.   Falsify search warrants applications;

    b.   Falsify testimony in support of search warrant applications;

    c.   Abuse confidential informant policies;

    d.   Seize drugs from arrestees;

    e.   Sell drugs for financial gain;

    f.   Seize money from arrestees; and

    g.   Act pursuant to a "code of silence" whereby police officers are reluctant to report (and turn a blind eye to) another officer's bad conduct to superiors, even in the midst of serious criminal wrongdoing.

55. Sergeant Elizondo, Officer Salgado, Officer Caribou, Officer Mostowski, Officer

Treacy, Officer Sanchez, and Officer Barrios undertook a wide range of acts and omissions that should have been detected by their colleagues and their superiors.

56. The City's failure to supervise and discipline demonstrates a deliberate indifference to the Plaintiff's rights and the rights of citizens generally.

57. As a result of these and other failures by the City, the Plaintiffs suffered damages.

WHEREFORE, the Plaintiffs, Ricardo Maldonado and Diane Castillo, pray for judgment against the Defendant, City of Chicago, for all available damages, attorneys' fees, and costs of this action, attorney's fees pursuant to 42 U.S.C. §1988, and such other and additional relief as this Court deems equitable and just.

## COUNT V
## ILLINOIS LAW CLAIM - INDEMNIFICATION
## AGAINST CITY OF CHICAGO

58. The Plaintiffs re-allege and incorporate herein the allegations of paragraphs 1 through 41.

59. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

60. At all times relevant to this incident, Defendants, Sergeant Elizondo, Officer Salgado, Officer Caribou, Officer Mostowski, Officer Treacy, Officer Sanchez, and Officer Barrios were employees of the City of Chicago, and they acted within the scope of their employment in committing the misconduct described herein.

WHEREFORE, the Plaintiffs pray that should this Court enter judgment in their favor and against Defendants Sergeant Elizondo, Officer Salgado, Officer Caribou, Officer Mostowski, Officer Treacy, Officer Sanchez, and Officer Barrios, the City of Chicago will be

ordered to pay the Plaintiff any judgment for compensatory damages obtained against Sergeant Elizondo, Officer Salgado, Officer Caribou, Officer Mostowski, Officer Treacy, Officer Sanchez, and Officer Barrios.

## **JURY DEMAND**

Plaintiffs pray for trial by jury.

                                      Respectfully submitted,

                                      RICARDO MALDONADO
                                      DIANE CASTILLO

                                      */s/* David S. Lipschultz
                                      David S. Lipschultz

David S. Lipschultz
Law Offices of David S. Lipschultz, Inc.
200 S. Michigan Avenue, Suite 201
Chicago, Illinois 60604
Telephone: 312-414-1778
Fax: 312-414-1887
Email: david@dsllawoffice.com